IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN L. DYE, JR.,

                   Plaintiff,

       v.

BRYAN BARTOW, MARY KLEMZ,
CATHY A. JESS, LARRY JENKINS,
ROBERT HUMPHREYS, GAANAN,
BARBARA WAEDEKIN, THERESA BARWELL,
THOMAS MICHLOWSKI, STEVE SPANBAUSE,
MARY VANDE SLUNT, CHARLES FACKTOR,
CINDY O'DONNELL, EDWARD F. WALL,
LOYDA LORIA, and JOHN DOES,

                  Defendants.

ORDER

13-cv-284-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on July 15, 2013, denying plaintiff John Dye leave to proceed and dismissing the case for plaintiff's failure to state a claim on which relief may be granted. More specifically, I concluded that plaintiff's Eighth Amendment rights were not being violated by his being forced to use a short-handled toothbrush despite having a "chronic mallet deformed right thumb" because there was no reason to believe that plaintiff needed to use his right hand to brush his teeth.

Now before the court are plaintiff's "motion to recall the mandate to review the opinion and order" that I construe as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), as well as a notice of appeal and a request for leave to proceed on appeal in

forma pauperis.  Ordinarily, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000).  However, where a party files a timely notice of appeal and a timely Rule 59(e) motion, the notice becomes effective only after the court has disposed of the Rule 59(e) motion. E.g., Katerinos v. United States Department of Treasury, 368 F.3d 733, 737 (7th Cir. 2004); Young-Gibson v. Board of Education of City of Chicago, 2013 WL 4598815, *2 (N.D. Ill. Aug. 29, 2013) ("A notice filed before the filing of [a Rule 59(e) motion] . . . or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.") (quoting Advisory Committee Notes on 1993 Amendment to Fed. R. App. P. 4).  Therefore, I will address the motion for reconsideration.

In his motion, plaintiff states that the court should consider various new allegations such as that he has "serious degenerate arthritis in his hands & wrists, neck, back, etc.; which would have literally [put] a 'damper' on any suggestion of alternatives such as brushing with the left hand . . . ."  He states also that I failed to consider his claim that medical staff examined his thumb inadequately.  Given the new facts that plaintiff would like to have considered, I construe his motion for reconsideration as containing a motion for leave to file an amended complaint.  Although it is difficult to understand exactly how plaintiff's previously stated and newly mentioned maladies affect his gripping ability or what type of additional claims plaintiff seeks to bring for defendants' failure to properly examine his deformed thumb (he does not explain how he has been injured by the inadequate examination other than being forced to use a short-handled toothbrush), I conclude that it

2

is appropriate to vacate the judgment because it now seems possible that, with a properly amended complaint, plaintiff may be able to state claims upon which relief may be granted.

However, before issuing any orders beyond ruling on the motion for reconsideration, the court must insure that it has jurisdiction over the case.  As discussed above, the notice of appeal has now become effective, and only the court of appeals may determine whether it has jurisdiction to entertain an appeal.  Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999).  Therefore, the court will not issue further rulings in this case until the court of appeals has disposed of plaintiff's appeal.

Insofar as plaintiff seeks in forma pauperis status on his appeal, the court will grant his motion; plaintiff qualifies financially and I cannot say that the appeal is in bad faith considering that I am granting his motion for reconsideration.  In addition, plaintiff's allegation that it is painful for him to brush his teeth with the implements provided by prison staff meet the low bar required to meet the "imminent danger" standard he faces as a three-strikes litigant.  Ciarpaglini v. Salini, 352 F.3d 328, 331 (7th Cir. 2003) (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under 28 U.S.C. § 1915(g).).

In any case, given this court's decision to grant plaintiffs' motion for reconsideration, it is possible that the court of appeals will dismiss the appeal in its entirety and waive plaintiff's filing fee.  Accordingly, for the time being, I will not notify the plaintiff's institution of the filing fee for appeal or institute § 1915's partial-payment mechanism.

ORDER

IT IS ORDERED that

1.  Plaintiff John L. Dye, Jr.'s motion to alter or amend the July 15, 2013 judgment in this case, dkt. #11, is GRANTED and the judgment is VACATED.

2.  Plaintiff's motion for leave to proceed in forma pauperis on his appeal, dkt. #17, is GRANTED.

3.  The court will await the court of appeals' disposition of plaintiff's appeal before proceeding further in this case.

Entered this 19th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge