IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN L. DYE, JR.,

                Plaintiff,

v.                                                   ORDER

MARY KLEMZ, DR. GAANAN,                  13-cv-284-jdp
THOMAS MICHLOWSKI, and EDWARD F. WALL,

                Defendant.

---

      Plaintiff John Dye, a prisoner currently incarcerated at the Waupun Correctional Institution, brings claims under the Eighth Amendment and the Rehabilitation Act that officials at the Wisconsin Resource Center forced him to use a short-handled or "fingertip" toothbrush despite his suffering from a "chronic mallet deformed right thumb" and arthritis in both hands.

      In a March 4, 2016 order, I addressed the parties' dispute over the scope of medical records plaintiff will have to allow defendants to access to litigate this case. Plaintiff objects to a modified authorization form produced by defendants, and defendants have moved to dismiss the case based on plaintiff's failure to sign the authorization form. Plaintiff also requests the court's assistance in recruiting counsel, and objects to the substitution of the new Department of Corrections (DOC) secretary as a defendant. Defendants have filed a motion to modify the current schedule given the delay in obtaining plaintiff's authorization.

**A. Medical authorization form**

      As I have previously stated, plaintiff will not be able to continue with this case unless he gives defendants access to relevant medical records so that they may defend against his claims. In a March 4, 2016 order, I provided guidance on the scope of the authorization,

including a reasonable time span—records from 2004 to present—and a limitation to only relevant categories of documents, i.e., only records related to plaintiff's physical, not mental, condition. Defendants made those modifications and gave plaintiff a new proposed authorization form. Plaintiff continues to argue that the scope of defendants' proposed authorization form is too broad, raising several objections.

1. Social services file

The current version of defendants' proposed authorization form allows for discovery of plaintiff's social services file from the Wisconsin Department of Corrections (DOC). Plaintiff argues that this file may contain "[c]ounseling, psychological, and/or psychiatric records," records that I deemed irrelevant in my previous order, and he requests that the clause allowing disclosure of this file be removed.

I conclude that this language need not be removed for two reasons. First, as defendants point out, the social services file may contain information relating to plaintiff's physical condition, for example, work restrictions he may have been under due to his ailment. That information would be relevant to this case, and defendants are thus entitled to it. Second, defendants are already barred from receiving any records relating to plaintiff's mental condition from his social services file, or any other file, under both my previous order and the agreed upon terms of the form—the first paragraph of the section under which this clause falls limits disclosure exclusively to those records "that relate to [plaintiff's] physical condition."

2. Time limit

Plaintiff also requests removal of a clause that states that he would be consenting to disclosure of records for any medical care he received from "before the date of this

authorization" until the authorization expires. Plaintiff believes this implies that defendants could discover records reaching back before 2004, the limit I previously imposed.

There is no reason to strike this language either. The authorization form contains another limitation: it authorizes disclosure of plaintiff's medical records only from "2004 to the present." The clause plaintiff to which plaintiff objects does not alter this limitation.

3. **Notices regarding redisclosure**

Plaintiff appears to object to two notices contained in the authorization form. Plaintiff marked language in the first notice for omission, but he does not develop an argument in his brief explaining why this language should be omitted. The notice explains to the authorizer that if protected health information is disclosed to individuals who are not covered by federal health privacy laws, that information may lose its protected status, "and those persons may be permitted to re-disclose the information without my prior approval."

Plaintiff's failure to make an argument for the clause's omission is sufficient to deny his request for its removal. But even assuming that his objection to the language is that he perceives it as giving defendants extra permission to redisclose his protected health information, I conclude that objection is unwarranted. The language merely informs plaintiff of the consequences of his health care information being used in the case. It is possible that someone involved in this litigation who is not covered by federal health privacy laws will obtain the records plaintiff discloses. Given the facts of this case, it is difficult to envision a scenario where this occurs, but the authorization includes this language to inform plaintiff of the possibility.

The second notice contained in the authorization form notifies the recipients of "psychiatric, alcohol, and/or drug treatment records" that the information contained in those

3

records is protected under federal law and cannot be disclosed without further authorization. The notice has been stricken in its entirety, although it is unclear which party made this alteration. Plaintiff does not address this alteration in his briefing. Nonetheless, it makes sense to strike this language because psychiatric and alcohol- and drug-treatment records are unrelated to plaintiff's physical condition, are irrelevant to this case, and have already been struck from the form.

Having addressed plaintiff's objections, I will address defendants' motion to dismiss, which I will deny. In the response that accompanies plaintiff's modified authorization form, plaintiff states:

> By a 'show of good faith' the plaintiffs' copy has also been signed & dated should the defendants' and/or Court approve or agree to the plaintiffs' further indicated minimal changes and/or corrections . . ., also having pre-signed the submitted authorization will limit/eliminate any further delays.
>
> However, by copy of this Motion, and upon agreement of the defendants' willingness to the minimal corrections, only then does the plaintiff wish to have the submitted authorization invoked, ("UNLESS") so Ordered and/or guidance by the Court determine otherwise; to which the plaintiff will comply . . . .

Dkt. 60, at 2.

I take plaintiff to be saying that, based on the further clarification contained in this order, he will be willing to sign a final modified authorization form. It is because of this willingness that I will deny defendants' motion to dismiss. Defendants should send plaintiff a new authorization form, the only change being the stricken notice related to psychiatric and alcohol- and drug-treatment records. I will give plaintiff a short deadline to sign the modified authorization form.

In making his decision whether to authorize the release of his records, plaintiff should keep in mind that court proceedings are a matter of public record. Medical records used in this case will be part of the public record, and should plaintiff authorize disclosure of his records, the court docket and future court orders will discuss his medical information. Even if plaintiff were to deny release of his records, his choice to file a federal lawsuit about his hand and wrist problems has already made public various aspects of his medical problems. I have circumscribed the types of records defendants may obtain in this case, and plaintiff does not develop an argument giving me any reason to think that the protections in the authorization form are inadequate. Should plaintiff continue in his refusal to sign the authorization, defendants should renew their motion to dismiss. I will likely dismiss the case if plaintiff continues to refuse to authorize the release of relevant records.

**B. Substitution of public officers**

Defendants filed a notice that defendant Edward F. Wall is no longer secretary of the DOC, and that the current secretary, Jon E. Litscher, should be substituted under Federal Rule of Civil Procedure 25(d). Dkt. 58. The clerk of court made that substitution on the docket. Plaintiff objects, stating that the substitution "could present multiple concerns" such as "the possibility of having to eventually once again amend the present complaint." Dkt. 60, at 3. Plaintiff's concerns are unfounded. Rule 25(d) states that "when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,] [t]he officer's successor is automatically substituted as a party." Plaintiff was proceeding on his Rehabilitation Act claim against Wall in his official capacity, so it was appropriate to substitute Wall's successor as the new defendant on that claim. Plaintiff was not proceeding on any claims against Wall in his individual capacity regarding acts in which he had personal

5

involvement, so it was appropriate for the clerk's office to dismiss Wall from the case. This does not prejudice plaintiff in any way, as none of his claims have been affected by the substitution.

## C. Recruitment of counsel

Plaintiff filed a document titled as a response to the court's order denying defendants' motion for summary judgment on exhaustion grounds. Dkt. 59. In the body of that document, plaintiff does not ask the court for a ruling on any matter. But he includes the following request at the end: "P.S. By copy of this Motion, the plaintiff also respectfully asks this Court to re-new his prior Motion for Appointment of Counsel . . . ." This is the entirety of plaintiff's request.

In addressing plaintiff's request, I note that plaintiff does not have the right to counsel in this civil action for damages, and I do not have the authority to appoint counsel to represent him; I can only recruit counsel who may be willing to serve in that capacity. But plaintiff's request is severely inadequate. Plaintiff is incorrect when he states that he is renewing his motion—this is the first time plaintiff has asked for counsel in this case. He may be confusing this case with another open case in this court, *Dye v. Bartow*, No. 14-cv-076-jdp (W.D. Wis). In that case, I denied his motion for recruitment of counsel as premature. Dkt. 7 in the '076 case. That motion is irrelevant to this lawsuit, as a plaintiff's need for counsel in part depends on the circumstances of each particular case.

To prove that counsel is necessary, this court generally requires a pro se plaintiff to: (1) provide the names and addresses of at least three lawyers who declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his

6

demonstrated ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007); *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Plaintiff has not shown that he meets either of these standards. He has not provided the court with letters from attorneys showing that he has asked them to represent him and that they have turned him down, which is reason enough to deny the motion. Nor does has he shown that the case's complexity outstrips his ability. He makes no argument for why this is so in his motion, and at this point, it does not appear that he will be unable to litigate his claims.

I will deny plaintiff's motion without prejudice to him renewing it later if he concludes that the case is too complex for him to litigate, but he will need to demonstrate that he has been unsuccessful in getting help from outside lawyers, and he will need to explain why the case is too complex for him to handle.

**D. Dispositive motion deadline**

In the March 4 order, I extended the dispositive motions deadline about as far as it could be moved while still preserving the August 1, 2016 trial date. But even assuming that plaintiff promptly signs the medical authorization form, there is not enough time in the existing schedule to accommodate the briefing of dispositive motions. Accordingly, I will grant defendants' motion to modify the schedule. The new dispositive motions deadline will be July 1, 2016. I will strike the August 1 trial date and accompanying pretrial submission deadlines, and set a new schedule if necessary following a ruling on dispositive motions.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss the case based on plaintiff's failure to sign the medical authorization form, Dkt. 61, is DENIED.

2. Plaintiff may have until June 10, 2016, to sign the modified medical authorization form or to explain why he refuses to sign it.

3. Plaintiff's objection to the substitution of defendant Jon E. Litscher for defendant Edward F. Wall under Federal Rule of Civil Procedure 25(d), Dkt. 60, is DENIED.

4. Plaintiff's motion for recruitment of counsel, Dkt. 59, is DENIED without prejudice.

5. Defendants' motion to modify the remaining schedule, Dkt. 65, is GRANTED. The schedule is amended as reflected in the opinion above.

Entered May 25, 2016.

               BY THE COURT:

               /s/

               _____
               JAMES D. PETERSON
               District Judge